FILED

2026 OCT -9 PM 1:36

U.S. DISTRICT COURT
MIDDLE DISTRICT OF TN

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

**JAMES CARR,**

Plaintiff,

vs.

**DAVID B. RAUSCH**, Director of the Tennessee Bureau of Investigation in his Official Capacity, **FRANK STRADA**, Commissioner of the Department of Correction, in his Individual and Official Capacity, **CHRIS HANSEN,** Assistant Commissioner of the Tennessee Department of Correction in his Individual & Official Capacity, **JOHNETTA NELSON**, Tennessee Department of Correction Middle Region Specialized Caseloads District Director, in her Individual and Official Capacity, **MICHAEL HANNAH**, Tennessee Department of Correction Parole Manager in his Official and Individual Capacity, **CINDY CASEY**, Tennessee Department of Correction Parole Manager Manager in his Official and Individual Capacity **FNU TIBBETS**, and **FNU EDWARDS,** both Tennessee Department of Correction Parole Officers in their Official and Individual official Capacity, M**ALINDA DAVENPORT CRISP,** Ph.D., Tennessee Department of Correction Mental Health Division in her Official and Individual Capacity, **GLENN FUNK**, District Attorney General for the 20th Judicial District in his Official Capacity, **DARON HALL,** Sheriff of Davidson County, Tennessee, in his Official Capacity and **STATE OF TENNESSEE,**

Defendants.

Case No. 3:26-cv-01449
(Jury Demand)

**COMPLAINT FOR CIVIL RIGHTS VIOLATIONS**

## I. INTRODUCTION

1. Plaintiff James Carr brings this action pursuant to 42 U.S.C. § 1983 seeking declaratory and injunctive relief against the enforcement of sex-offender registration restrictions that were enacted after Plaintiff's conviction and sentence.

2. Defendants are enforcing provisions of Tennessee law that did not exist at the time Plaintiff was convicted and sentenced of committing the sex offense. After his conviction and prior to his release on parole, the Defendants enacted the Sex Offender Registration and Monitoring Act and subsequent adopted, implemented and enforced additional sex-offender registration, residency, reporting, travel and supervisory restrictions that did not exist when Plaintiff was convicted of the underlying sex offense.

3. Acting under color of state law, Defendants have applied these restrictions retroactively to Plaintiff after he was placed on parole supervision. These restrictions impose substantial affirmative disabilities and restraints upon Plaintiff, including limitations on residence, employment, travel, association, and other aspects of daily life.

4. Defendants have characterized the registry and monitoring as civil and regulatory measures used to protect the public; however the imposition of these restrictions have resulted in imposing additional punishment in purpose and effect. Their retroactive enforcement increases the punishment associated with Plaintiff's conviction beyond that authorized by law at the time the offense was committed.

5. By retroactively imposing and enforcing these additional burdens after Plaintiff's sentence had been Imposed and served, Defendants have violated the Ex Post Facto Clause of Article I, Section 10 of the United States Constitution. Their actions deprive Plaintiff of rights secured by the Constitution and the corresponding provisions of the Constitution of the State of Tennessee.

6. Plaintiff therefore seeks a declaration that Defendants' conduct is unconstitutional and he is seeking an injunction prohibiting the continued enforcement of these retroactive restrictions against Plaintiff.

II. JURISDICTION AND VENUE

7. This legal action is brought pursuant to 42 U.S.C. §§ 1983 and 1988. Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1331 because this action arises under the Constitution, laws and treaties of the United States. Jurisdiction is also proper pursuant to 28 U.S.C. §§ 1343 as this action is being filed to redress the deprivation of rights under color of any state law, statue, ordinance, regulation, custom, or usage, of any right, privilege or immunity secured by the Constitution of the United States or, by an Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States, and to recover damages or to secure equitable or other relief under any Act of Congress providing for the protection of Civil Rights.

8. This Court also has jurisdiction over plaintiff's claims for declaratory and injunctive relief pursuant to 28 U.S.C. §§§§ 2201-2202 and Rules 57 and 65 of the Federal Rules of Civil Procedures.

9. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) as a substantial part of the events or omissions rise to this claim within the Western District of Tennessee.

**III. PARTIES**

10. Plaintiff **James Carr** is a citizen and resident of Davidson County, Tennessee and the Western District of Tennessee. He is presently on parole after serving more than 32 years in the custody of the Tennessee Department of Correction. Phillips currently resides at 331 Plus Blvd #353, Nashville Tennessee 37217.

11. Defendant **David B. Rausch**, Director of the Tennessee Bureau of Investigation with an address at TBI Headquarters at 901 R.S. Gass Boulevard, Nashville, Tennessee 37216. Pursuant to the Sexual Offender Registration and Monitoring Act (hereinafter referred to as "SORMA"), Defendant Rausch is charged with the responsibility of supervising the overall enforcement functions and ensuring that the sex offender statutory provisions are

being properly administered and legally applicable to those offenders subject to the consequences of said laws with said Act.

12. Defendant **Frank Strada** is the Commissioner of the Tennessee Department of Corrections with an address of 320 Sixth Avenue North, Nashville, Tennessee 37243-0465. Pursuant to state law, among his various responsibilities, he is statutorily required to ensure that the state's SORMA requirements are being complied with and is responsible for administering and enforcing Tennessee's sex-offender registration scheme and ensuring those parolees lawfully ordered by the Court to register under the SORMA are in compliance with said Act.

13. Defendant **Chris Hansen** is the Assistant Commissioner of the Tennessee Department of Corrections with an address of 320 Sixth Avenue North, Nashville, Tennessee 37243-0465. Defendant Hansen is charged with the duty of ensuring that the state's SORMA requirements are being complied with and is responsible for administering and enforcing Tennessee's sex-offender registration scheme and ensuring those parolees lawfully ordered by the Court to register under the SORMA are in compliance with said Act

14. Defendant **Johnetta Nelson** is the Tennessee Department of Corrections West Region Specialized Caseloads District Director with an address of 220 Blanton Avenue Nashville, Tennessee 37210. Defendant Nelson is charged with the duty of supervising and ensuring that parole officers in the West Region are enforcing and ensuring those parolees lawfully ordered by the Court to register under the SORMA are in compliance with said Act.

15. Defendants **Cindy Casey** and **Michael Hannah** are Tennessee Department of Correction Probation and Parole Supervisors with address at 220 Blanton Avenue Nashville, Tennessee 37210. Defendants **Casey** and **Hannah** are charged with the duty of supervising and ensuring that parole officers under his supervision are enforcing and ensuring those parolees lawfully ordered by the Court to register under the SORMA are in compliance with said Act.

16. Defendant **f/n/u Tibbets,** is one of the Tennessee Department of Correction Probation and Parole Manager with address at 220 Blanton Avenue Nashville, Tennessee 37210. Defendant **Tibbets** is charged with the duty of supervising and ensuring that parole officers under his supervision are enforcing and ensuring those parolees lawfully ordered by the Court to register under the SORMA are in compliance with said Act.

17. Defendant **f/n/u Edwards**, is one of the Tennessee Department of Correction Parole Officers with address at 220 Blanton Avenue Nashville, Tennessee 37210.. Defendant **Edwards** is charged with the duty of supervising and ensuring that parole officers under his supervision are enforcing and ensuring those parolees lawfully ordered by the Court to register under the SORMA are in compliance with said Act.

18. Defendant **Malinda Davenport Crisp,** Ph.D., is one of the Tennessee Department of Correction contracted mental health providers with the address of 417 Weishwood Drive, Nashville, Tennessee 37211. Defendant **Crisp** is charged with the duty of ensuring that parolees that are registered sex offenders report and participate in the mandatory sex offender treatment classes.

19. The Defendant **Glenn R, Funk** is the elected District Attorney General for the 30th Judicial District. Funk's office is located at 222 Second Avenue #500, Nashville, Tennessee 37201. Defendant **Funk** supervise prosecutors and investigators which has the legal authority to determine which sex-offenders to prosecute for alleged violations of the SORMA.

20. The Defendant **Daron Hall**, is the elected Sheriff of Davidson County, Tennessee with an office address of One Jerry Newsom Wy, Nashville, Tennessee 37201. Defendant **Hall** through his various deputies and agents has the power to investigate and to determine which registered sex offenders to charge with alleged violations of the SORMA.

21. The defendant **State of Tennessee** c/o **Jonathan Skrmetti,** Tennessee Attorney General, 500 Charlotte Avenue, Nashville, TN, 37219, is being for injunctive relief to direct all state of Tennessee law enforcement authorities to not apply nor take steps in compliance this plaintiff to abide by and follow any of the numerous sex offender regulations and statutory restrictions. The State Attorney General located at 500 Charlotte Avenue, Nashville, Tennessee 37219 is being served as the official legal representative for the State of Tennessee.

**STATEMENT OF THE FACTS**

22. On July 15, 1984, Plaintiff was arrested for the crime of rape which was committed on March 7, 1984. He was subsequently convicted in November of 1984 for the charge of aggravated rape and was sentenced to life imprisonment.

23. At the time of Plaintiff's conviction Tennessee did not have a sex offender registry and monitoring statute.

24. Plaintiff served a term of imprisonment of 378 months and 20 days in the custody of the Tennessee Department of Corrections.

25. Plaintiff was released on February 4, 2016, from the Bledsoe County Correctional Complex, Pikeville TN 37367.

26. When Plaintiff was released from prison, he went to reside at the halfway house, Aphesis house at 311 Walton Lane Old Hickory, Tennessee 37115.

27. In February 2016, defendant Baldwin directed Plaintiff to report to the Tennessee Department of Corrections Probation and Parole Office in the Middle Tennessee area in Nashville, for the purpose of being process as a released sex offender into the community. Defendant Baldwin acting under the authority of the State of Tennessee told

Plaintiff he would be required to register as a sex offender under Tennessee Sex Offender Registration Verification and Tracking Act of 2004, despite the fact that the SORMA was not in existence at the time of his conviction and sentence in 1984.

28. Moreover, Plaintiff was informed by the parole officers processing him that he would be designated as a violent sex offender under the SORMA.

29. During the meeting, the Defendant's parole officers completed the registration process to identify and list him as a sex offender in the data base, he was photographed, issued a parole card identifying him as a registered sex offender and fitted him for an ankle GPS monitoring devise to be worn around his ankle. Plaintiff was given a set of restrictions that as a registered sex offender and among the list and specifically that he could not work, reside nor stand idly by within 1000 feet of a school, playground or daycare. At the time, Plaintiff was living in a halfway house which housed a total of ____ parolees. And defendant Baldwin subsequently instructed Plaintiff that he would be required to attend a Sex Offender Treatment Program.

30. On Today, September26, 2026, Plaintiff is presently begin attending another SOTP class as required by Defendant Baldwin and is charged with duty of attending the classes until he completes the treatment course chosen by defendant Crisp.

31. The Tennessee General Assembly passed the State's first sex offender registry law in 1994.

32. In 2004, the General Assembly repealed and replaced in 1994 the 1994 Law with the current SORMA.

33. The SORMA classifies offenders into two (2) categories: sexual offenders and violent sexual offenders. The primary difference is that violent sexual offenders are subject to

lifetime registration, while a sexual offender may petition the TBI for removal after 10 years.

34. Violent sexual offenders are defined as those convicted of rape, aggravated rape, rape of a child, aggravated sexual battery, aggravated or especially aggravated kidnapping of a minor other than the offender's own child, sexual battery by an authority figure, solicitation of a minor or attempt, solicitation, or conspiracy with regard to any of those offenses.

35. Sexual offenses must report annually, verify their registration information within seven (7) days of their birthdate each year; update fingerprints, palm prints and photographs. Those classified as violent offenders have to report quarterly in March, June, September and December.

36. Among the relevant provisions of the SORMA is Tenn. Code Ann. §40-39-211 which provides

> (a)(1) While mandated to comply with the requirements of this chapter, no sexual offender, as defined in § 40-39-202 or violent sexual offender as defined in § 40-39-202, shall knowingly establish a primary or secondary residence or any other living accommodation or knowingly accept employment within one thousand feet (1,000') of the property line of any public school, private or parochial school, licensed day care center, other child care facility, public park, playground, recreation center, or public athletic field available for use by the general public.
> (a)(2) For purposes of this subsection (a), "playground" means any indoor or outdoor facility that is intended for recreation of children and owned by the state, a local government, or a not-for-profit organization, and includes any parking lot appurtenant to the indoor or outdoor facility.
> (b) No sexual offender, violent sexual offender, or violent juvenile sexual offender, as those terms are defined in § 40-39-202, shall knowingly: (1) Reside within one thousand feet (1,000') of the property line on which the offender's former victims or the victims' immediate family members reside; (2) Come within one hundred feet (100') of any of the offender's former victims, except as otherwise authorized by law; or (3) Contact any of the offender's former victims or the victims' immediate family members without the consent of the victim or consent of the victim's parent or guardian if the victim is a minor being contacted by telephone, in writing, by electronic mail, internet services or any other form of electronic communication, unless otherwise authorized by law.
> (c)(1) While mandated to comply with the requirements of this part, no sexual offender or violent sexual offender, whose victim was a minor, shall knowingly reside or conduct an overnight visit at a residence in which a minor resides or is present. Notwithstanding this subsection (c), the offender may reside, conduct an overnight visit, or be alone with a minor if the offender is the parent of the minor, unless: (A) The offender's parental rights have been or are in the process of being terminated as provided by law; (B) Any minor or adult child of the offender was a victim of a sexual offense or violent sexual offense committed by the offender; or (C) The offender has been convicted of a sexual offense or violent sexual offense and the following conditions have been satisfied: (i) The victim of the sexual offense or violent sexual offense was a minor 12 years of age or less; and (ii) A circuit

court, exercising its jurisdiction over civil matters, has found by clear and convincing evidence that the offender presents a danger of substantial harm to the minor.

(c)(2) For purposes of subdivision (c)(1)(C): (A) The district attorney general for the judicial district in which the minor resides may petition the court to make a finding described in subdivision (c)(1)(C)(ii) at any time the offender is required to register pursuant to this part; (B) The offender must be provided notice and an opportunity to be heard; (C) When determining whether the offender poses a danger of substantial harm to a minor, the court may consider the facts and circumstance of the offense, the offender's most recent efforts to rehabilitate, compliance with community supervision as provided in § 39-13- 524 if applicable, any violations of this part as specified in § 40-39-208, and other relevant evidence; (D) All files and records of the court in the proceeding must be treated as confidential and shall not be open to the public or disclosed to the public, but are open to: (i) The judge, officers, and professional staff of the court; (ii) The parties to the proceeding and their counsel and representatives; (iii) Any parent or legal guardian of the minor other than the offender; (iv) The offender's registering agency; and (v) With permission of the court, any other person or agency having a legitimate interest in the proceeding; (E) The court must enter a written order stating its findings. If the court finds that the offender presents a danger of substantial harm to the minor, the district attorney general shall provide the court's finding to the offender's registering agency; Offender’s Initials RDA 11383 Page 4 of 6 BI-0125 (Rev. 7/25) (F) No sooner than 2 years after the date of entry of the circuit court's order, the offender may petition the court for reconsideration of a finding that the offender presents a danger of substantial harm to the minor. The offender must show, by clear and convincing evidence, that the offender no longer presents a danger of substantial harm to the minor; and (G) An appeal from a final order or judgment under subdivision (c)(1)(C)(ii) may be made to the court of appeals. A finding that the offender presents a danger of substantial harm to the minor shall remain in effect pending the outcome of the appeal.

(d)(1) No sexual offender, as defined in § 40-39-202, or violent sexual offender, as defined in § 40-39-202, shall knowingly: (A) Be upon or remain on the premises of any building or grounds of any public school, private or parochial school, licensed day care center, other child care facility, public park, playground, recreation center or public athletic field available for use by the general public in this state when the offender has reason to believe children under 18 years of age are present; (B) Stand, sit idly, whether or not the offender is in a vehicle, or remain within one thousand feet (1,000') of the property line of any building owned or operated by any public school, private or parochial school, licensed day care center, other child care facility, public park, playground, recreation center or public athletic field available for use by the general public in this state when children under 18 years of age are present, while not having a reason or relationship involving custody of or responsibility for a child or any other specific or legitimate reason for being there; or (C) Be in any conveyance owned, leased, or contracted by a school, licensed day care center, other child care facility or recreation center to transport students to or from school, day care, child care, or a recreation center or any related activity thereof when children under 18 years of age are present in the conveyance.

(d)(2) Subdivision (d)(1) shall not apply when the offender: (A) Is a student in attendance at the school; (B) Is attending a conference with school, day care, child care, park, playground or recreation center officials as a parent or legal guardian of a child who is enrolled in the school, day care center, other child care center or of a child who is a participant at the park, playground or recreation center and has received written permission or a request from the school’s principal or the facility’s administrator; (C) Resides at a state licensed or certified facility for incarceration, health, or convalescent care; or (D) Is dropping off or picking up a child or children and the person is the child or children's parent or legal guardian who has provided written notice of the parent's offender status to the school's principal or a school administrator upon enrollment.

(d)(3) The exemption provided in subdivision (d)(2)(B) shall not apply if the victim of the offender's sexual offense or violent sexual offense was a minor at the time of the offense and the victim is enrolled in the school, day care center, recreation center or other child care center that is participating in the conference or other scheduled event.

(e) Changes in the ownership or use of property within one thousand feet (1,000') of the property line of an offender's primary or secondary residence or place of employment that occur after an offender establishes residence or accepts employment shall not form the basis for finding that an offender is in violation of the residence restrictions of this section.

(f) A violation of this part is a Class E felony. No person violating this part shall be eligible for suspension of sentence, diversion or probation until the minimum sentence is served in its entirety.

(g)(1) The first violation of this part is punishable by a fine of not less than $350 and imprisonment for not less than 90 days.
(g)(2) A second violation of this part is punishable by a fine of not less than $600 and imprisonment for not less than 180 days.
(g)(3) A third or subsequent violation of this part is punishable by a fine of not less than $1,100 and imprisonment for not less than 1 year.
(g)(4) A violation of this part due solely to a lack of the written permission required pursuant to subdivision (d)(2) shall be punishable by fine only.
(h)(1)(A) While mandated to comply with the requirements of this part, it is an offense for 3 or more sexual offenders, as defined in § 40-39-202, or violent sexual offenders, as defined in § 40-39-202, or a combination thereof, to establish a primary or secondary residence together or inhabit the same primary or secondary residence at the same time.
(h)(1)(B) Each sexual offender or violent sexual offender who establishes or inhabits a primary or secondary residence in violation of subdivision (h)(1)(A) commits a violation of this section.
(h)(1)(C) Subdivision (h)(1)(A) shall not apply if the residence is located on property that is, according to the relevant local, county, or municipal zoning law, zoned for a use other than residential or mixed-use.
(h)(2)(A) No person, corporation, or other entity shall knowingly permit 3 or more sexual offenders, as defined in § 40-39- 202, violent sexual offenders, as defined in § 40-39-202, or a combination thereof, while such offenders are mandated to comply with the requirements of this part, to establish a primary or secondary residence in any house, apartment or other habitation, as defined by § 39-14- 401(1)(A), owned or under the control of such person, corporation, or entity.
(h)(2)(B) Subdivision (h)(2)(A) shall not apply if the residence is located on property that is, according to the relevant local, county, or municipal zoning law, zoned for a use other than residential or mixed-use. Offender's Initials RDA 11383 Page 5 of 6 BI-0125 (Rev. 7/25).
(h)(3) This subsection (h) shall not apply to any residential treatment facility in which more than 3 sexual offenders, as defined in § 40-39-202, violent sexual offenders, as defined in § 40-39-202, or combination thereof, reside following sentencing to such facility by a court or placement in such facility by the board of parole for the purpose of in-house sexual offender treatment; provided, the treatment facility complies with the guidelines and standards for the treatment of sexual offenders established by the sex offender treatment board pursuant to § 39-13-704.
(i) The restrictions set out in subsections (a)-(d) and (k) shall not apply to a violent juvenile sexual offender required to register under this part unless otherwise ordered by a court of competent jurisdiction.
(j) Notwithstanding any law to the contrary, a violent juvenile sexual offender who knowingly violates this section commits a delinquent act as defined by the juvenile code.
(k)(1) As used in this subsection (k), unless the context otherwise requires: (A)(i) "Alone with" means one (1) or more offenders covered by this subsection (k) is in the presence of a minor or minors in a private area; and (a) There is no other adult present in the area; (b) There is another adult present in the area but the adult is asleep, unconscious, or otherwise unable to observe the offender and the minor or minors; (c) There is another adult present in the area but the adult present is unable or unwilling to come to the aid of the minor or minors or contact the proper authorities, if necessary; or (d) There is another adult present in the area but the adult is also a sexual offender or violent sexual offender mandated to comply with the requirements of this part; (A)(ii) If the offender is in a private area where the offender has the right to be, the offender is not "alone with" a minor or minors if the offender is engaged in an otherwise lawful activity and the presence of the minor or minors is incidental, accidental, or otherwise unrelated to the offender's lawful activity; and (B)(i) "Private area" means in or on any real or personal property, regardless of ownership, where the conduct of the offender is not readily observable by anyone but the minor or minors alone with the offender; (ii) If the private area contains multiple rooms, such as a hotel, motel, or other place of temporary lodging, any room, rooms, or other area that the offender occupies with a minor or minors and that otherwise meets the requirements of this definition shall be considered a private area.
(k)(2) Unless otherwise permitted by subsection (c), while mandated to comply with the requirements of this part, no sexual offender, as defined in § 40-39-202, or violent sexual offender, as defined in § 40-39-202, shall be alone with a minor or minors in a private area.

37. Plaintiff avers that prior to being release from prison, parole officers presented a preprinted form of conditions for sex offenders that notified him of the legal requirements under SORMAO. The parole officers told him before he could be released, he was required to affix his signature on the document. Following his release in February 2016, plaintiff filed a grievance complaining that the law is being unjustly applied to him because it was enacted prior to the commission of the crime, his prosecution and conviction. Defendant Baldwin signed the grievance acknowledging that he received the grievance on approximate date of February 19, 2016, and subsequently deemed it inappropriate because said actions were being applied in accordance with State Law.

38. Plaintiff avers that his attendance in the SOTP class is challenging upon him due to the class times for which the SOTP class is scheduled is causing him to risk employment by being absence from his job. Such unexcused absenteeism has resulted in warning and which has the potential of causing him to be terminated from his employment.

39. Plaintiff avers that as a registered sex offender it is difficult for him to find employment and the loss of the job will cause him to be unemployed and be jobless for a number of years.

40. Plaintiff avers that in spite of recent court decisions concerning the registering and monitoring of sexual offenders, the Defendants continue to enforce the laws and regulations imposed on offenders convicted before the SORMA was enacted. The application of SORMA has prevented plaintiff from visiting his elderly relatives because they all live near a daycare, school or playground.

41. Plaintiff avers that Defendant parole regulations for registered sex offenders requires him to meet with her/him quarterly to update SORMA data base, drug test, update address and observe his demeanor. And the Defendants along with other parole officers regularly schedule visits to his residence as a registered sex offender.

42. Plaintiff avers that on approximately May 26, 2026, he filed a grievance concerning whether the SORMA was legally applicable to him since his convictions for qualifying him for registration occurred prior to the enactment of the SORMA and as such a violation of his due process rights and the ex post facto provisions of state and federal laws.

43. Plaintiff avers that as the Commissioner and Assistant Commissioner, both defendants Strada and Hansen have direct supervisory authority over all of the named defendants and as such, they bear the ultimate responsibility for the parole officers' actions.

44. The Act requires the TBI to maintain Tennessee's Sex Offender Registry. The TBI's responsibility includes enforcing the Act, maintaining the state's database of those sex offenders who under state and federal laws are required to register, maintain an internet-accessible public sex offender registry, registering offenders, developing registration forms, providing statutorily-required notices for registrants, collecting registration fees and coordinating with national law enforcement and the national sex offender registry.

45. The TBI maintains a website which contains the names and information of all sex offenders who are required to register and those that are not, including Plaintiff. Plaintiff is classified as a violent sexual offender by the TBI.

## CAUSES OF ACTION

### Count 1 – VIOLATIONS OF THE UNITED STATES CONSTITUTION'S EX POST FACTO CLAUSE AS TO DEFENDANT RAUSCH IN HIS OFFICAL CAPACITY

46. Plaintiff incorporates by reference the allegations in Paragraphs 1 – 45 of this Complaint, as if fully set forth herein.

47. Plaintiff sues Defendant Rausch in his official capacity for violations of the United States Constitution's Ex Post Facto Clause. Plaintiff alleges that Rausch – by publishing

his information on its website listing him as a violent sexual offender without an individual assessment as to Plaintiff's actual dangerousness – inflicts retroactive punishment on him in violation of the United States Constitution.

48. Plaintiff being classified as a violent sexual offender without such individualize assessment requires Plaintiff to report on a more frequent basis to update his information than would be required otherwise and likewise inflicts retroactive punishment against him in violation of the United States Constitution.

49. Plaintiff further alleges that Rausch – by classifying him as a violent sexual offender and by making him subject to such restrictions on where he may be in relation to minors and other public where minors might be located – when such restrictions were not in place otherwise in existence at the time of his conviction and sentence in 1984 as such the laws inflicts retroactive punishment in violation of the United States Constitution.

50. Plaintiff is therefore entitled to injunctive and declaratory relief requiring Defendant Rausch to cease reporting his information as a violent sexual offender, to cease requiring him to report as a registered sexual offender, and to prevent Defendant Rausch from enforcing geographic and other restrictions that did not exist when plaintiff was not arrested, convicted and sentences imposed in 1984.

<u>COUNT 2 – VIOLATIONS OF THE UNITED STATES CONSTITUTION'S EX POST FACT CLAUSE AS TO THE DEFENDANTS STRADA, HANSEN, MANN, WADDINGTON, GALLOWAY, PERRY AND ANDERSON IN BOTH THEIR OFFICIAL AND INDIVIDUAL CAPACITY</u>

51. Plaintiff incorporates by reference the allegations in Paragraphs 1 – 51 of this Complaint, as if fully set forth herein.

52. Plaintiff sues the Defendants Strada, Hansen, Mann, Waddington, Galloway, Anderson and Perry (collectively referred to as "Parole Officials") in both their official and individual capacities for violations of the United States Constitution's ex post facto clause.

53. Plaintiff alleges that the Parole Officials, by classifying and treating him as a violent sex offender without an individual assessment, thereby causing him to be placed on the TBI's public access website designated as such, by subjecting him to geographic restrictions on where he may be in relation to schools and other places, and by subjecting him to restrictions on being in the presence of minors are unconstitutional violations of the Ex Post Facto clause. Such violations have caused Plaintiff to incur significant financial losses and the loss of his person property for which the Parole Supervisory Officials are liable for money damages in both their individual and official capacities.

54. Defendants Strada and Hansen have direct supervisory authority over the other Parole Officials and are vicariously liable for their actions.

55. Plaintiff also request injunctive and declaratory relief against the Parole Officials in their official capacities to enjoin them from further classifying and reporting him as a violent sexual offender, and subjecting him to geographic and other restrictions that were not in place at the time of his conviction and sentence in 1983 and 1984.

## COUNT 3 – VIOLATIONS OF THE UNITED STATES CONSTITUTION'S EX POST FACT CLAUSE AS TO THE DEFENDANTS WADDINGTON, GALLOWAY, PERRY AND ANDERSON IN BOTH THEIR OFFICIAL AND INDIVIDUAL CAPACITY

56. Plaintiff incorporates by reference the allegations in Paragraphs 1 – 56 of this Complaint, as if fully set forth herein.

57. Plaintiff sues the Defendants Nelson, Casey, Hannah, Tibbets and Edwards in their individual capacities for violations of the United States Constitution's Ex Post Facto

Clause. Plaintiff alleges that these herein described defendants have improperly treated him as a violent sex offender and have subjected him to geographic restrictions which is causing plaintiff to avoid attending his grand children's day care, school and college sporting events and otherwise shopping and seeking employments that are near children's playgrounds, and sporting events where other minors are in attendance. Plaintiff respectfully request injunctive and declaratory relief to prevent Defendants Nelson, Casey, Hannah, Tibbets and Edwards and other similarly situated parole supervisory officers acting in their individual and official capacities from enforcing geographic and other restrictions that were not in place at the time of his convictions in 1984.

<u>COUNT 4 – VIOLATIONS OF THE UNITED STATES CONSTITUTION'S EX POST FACT CLAUSE AS TO THE DEFENDANT MULROY</u>

58. Plaintiff incorporates by reference the allegations in Paragraphs 1 – 58 of this Complaint, as if fully set forth herein.

59. Plaintiff sues the Defendant Glenn and or his successor in this official capacity for a violation of the United States Constitution's Ex Post Facto Clause. Plaintiff alleges that the Act inflicts retroactive punishment which did not exist at the time of commission of the crime, arrest, trial conviction and sentence in 1984, and subject him to reporting and geographic restrictions that were not in place in 1984.

60. Defendant Glenn through his assistant district attorney's general has the authority to charge him for violations of the Act. As a result, Plaintiff is subject to constant threat of prosecution for violations of the law that were not in existence in 1984.

61. Plaintiff seeks injunctive and declaratory relief to prevent Glenn from prosecuting him for violating any provisions of SORMA that were not in effect at the time of his conviction and sentence in 1984.

COUNT 5 – VIOLATIONS OF THE UNITED STATES CONSTITUTION'S EX POST FACT CLAUSE AS TO THE DEFENDANT BONNER

62. Plaintiff incorporates by reference the allegations in Paragraphs 1 – 62 of this Complaint, as if fully set forth herein.

63. Plaintiff sues the Defendant Hall and/or his successor in this official capacity for a violation of the United States Constitution's Ex Post Facto Clause. The Act inflicts retroactive punishment which did not exist at the time of the commission of the crime, his arrest, his trial. Conviction and sentence in 1984 and subjects him to reporting and geographic restrictions that were not in place in 1984.

64. Defendant Hall through is deputies and agents has the authority to investigate and present charges to the to the District Attorney General for violations of SORMA. As a result, Plaintiff is subject to constant threat of prosecution for violations of the law that were not in existence in 1984.

65. Plaintiff seeks injunctive and declaratory relief to prevent Mulroy from prosecuting him for the violation of any provisions of SORMA that were not in effect at the time of his conviction and sentence in 1984.

COUNT 6 – VIOLATIONS OF THE EX-POST FACT CLAUSE AGAINST THE STATE OF TENNESSEE

66. Plaintiff incorporates by reference the allegations in Paragraphs 1 – 66 of this Complaint, as if fully set forth herein.

67. Plaintiff – for all the reasons stated in this lawsuit, submits that the actions of the State of Tennessee are in violation of the United States Constitution's Ex Post Facto Clause and

requests injunctive and declaratory relief preventing the State of Tennessee from enforcing laws that were not in existence at the time of the commission of the crime, his arrest, trial, conviction and sentence in 1984.

WHEREFORE, the Plaintiff prays;

1. That this Court enter an Order directing the Clerk of this Court to serve the named defendants with process including a copy of the complaint, summons and U.S. marshal's form and civil cover sheet pursuant to applicable federal district court rules in the Middle District of Tennessee.

2. That this Court issue a Declaratory Judgment pursuant to 28 U.S.C. §§ 2201 – 2202 that he retroactive application of the restrictions under the Act that did not exist at the time of the commission of crime, plea, trial, conviction and sentence in 1984 are punitive and violate the Ex Post Facto Clause of the United States Constitution, Article I, § 10, cl. 1.

3. That this Court enter an Order permanently enjoining TBI Director Rausch and the other defendants from retroactively enforcing restrictions in the Tennessee Sex Offender Registry Statute against Plaintiff that were not in existence prior to 1984.

4. That this Court order permanently enjoining the Parole Officials in both their individual and official capacities from retroactively enforcing restrictions in the Tennessee Sex Offender Statute against Plaintiff that were not in place 1984.

5. That this Court enter an Order permanently enjoining Defendants Perry, Waddington, Galloway and Anderson in their individual capacities from enforcing geographic restrictions on Plaintiff with respect to minors.

6. That this Court enter a judgment jointly and severally against the Parole Officials in their individual and official capacities for damages in the amount of not less than One Hundred Thousand Dollars ($100,000).

7. That this Court enter an order permanently enjoining the Defendant State of Tennessee from retroactively enforcing the unlawful restrictions against him that did not exist until after his convictions and sentences in 1984.

8. That the Court award the Plaintiff his attorney fees and expenses, and

9. For such other and further relief as this Court deems appropriate.

Pursuant to 28 U.S.C. § 1746, I submit that the above written statements have been made under the oath of being true and that false statements made are subject to the penalty of perjury. Signed on 09 day of October, 2026.

/s/ ______________________

James Carr
331 Plus Park Blvd #353
Nashville, Tennessee 37217

STATE OF TENNESSEE )) SWORN AFFIDAVIT
COUNTY OF DAVIDSON ))

Sworn and Subscribed Before me a Notary Public on this _____ day of ______________, 2026.

My Commission Expires____________ /s/______________________________

Notary Public